UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANKIE DIAZ,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER PAUL
DONADIO SHIELD NO.: 9688 AND POLICE
OFFICER JOHN AND JANE DOES 1-4,

                              Defendants.
------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No. 16 CV 4274

Plaintiff, by his attorney, Jason L. Lopez, as and for their complaint hereby alleges as follows:

### Parties

1.    Plaintiff FRANKIE DIAZ presently resides and is domiciled in the State of New York.

2.    Upon information and belief defendant the CITY OF NEW YORK (hereinafter "City") is a municipal corporation domiciled in the State of New York.

3.    Upon information and belief, defendants POLICE OFFICER PAUL DONADIO SHIELD NO.: 9688 (hereinafter "Donadio") and POLICE OFFICERS JOHN AND JANE DOES 1-4 (hereinafter "John Does") reside and are domiciled in the State of New York.

### Jurisdiction -Venue

4.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4).

5.    Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

## General Allegations of Fact

6.     Plaintiff presently resides in Queens County.

7.     At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

8.     Upon information and belief, at all times relevant hereto, Police Officer Donadio was employed by the New York City Police department as police officers. As such, Polic Officer Donadio possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

9.     Upon information and belief, at all times relevant hereto, John and Jane Does 1 - 4 were employed by the New York City Police department as police officers. As such, Officer JOHN AND JANE DOES 1 - 4 possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

10.    On June 18, 2014 plaintiff was lawfully in the vicinity of 318 Madison Street, New York, NY 10002.

11.    At said location, John and Jane Doe Defendant Police Officers without justification or cause struck and used an excessive amount of force against Plaintiff including but not limited to punching Plaintiff in the left side of his face.

12.    Thereafter, at said location, Plaintiff without probable cause was placed in handcuffs and transported to a Precinct controlled and operated by defendants. Subsequently, Plaintiff was transferred to New York County Central Booking and was ultimately arraigned.

13.    Plaintiff, as a direct result of the criminal complaint sworn out by Police Officer Paul Donadio was charged as Frank Diaz under New York County Docket No.: 2014NY047667

with one count Resisting Arrest pursuant to Penal Law §205.30, one count of Obstructing Governmental Administration in the Second Degree pursuant to Penal Law §195.05 and one count of Disorderly Conduct pursuant to Penal Law §240.20.

14. Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2014NY047667. Ultimately, the case was dismissed and sealed on January 22, 2015.

### FIRST CAUSE OF ACTION
### MUNICIPAL LIABILITY/MONELL CLAIM PURSUANT TO 42 U.S.C. §1983

15. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 14.

16. Defendants arrested, incarcerated and subjected Plaintiff to the aforementioned criminal proceeding in the absence of any evidence of criminal wrongdoing knowing that such actions would violate Plaintiff's constitutional rights, deprive him of his liberty and negatively impact his well-being.

17. The Defendants carried out the acts complained of in their official capacities as members of the New York City Police Department under the color of law pursuant to the customs, policies, practices, procedures and rules of the City of New York and New York City Police Department under the supervision of their superiors.

18. Upon information and belief, the customs, policies, practices, procedures and rules of the City of New York and New York City Police Department that the Defendants followed include but are not limited to the following:

    i.    fabricating evidence against innocent persons falsely arrested during alleged narcotics investigations

    ii.    falsely arresting individuals and subjecting them to criminal proceedings despite credible evidence which exonerates the accused individual of any

criminal activity

19. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department may be inferred from similar repeated wrongful conduct documented in previous civil rights claims filed against the City of New York including but not limited to the following:

- *Diaz v. City of New York,* United States District Court, Southern District of New York, 08CV6399

- Richardson v. City of New York, United States District Court, Eastern District of New York, 05CV2375

- Stewart v. City of New York, United States District Court, Eastern District of New York, 05CV2375

- *Douglas v. City of New York,* United States District Court, Southern District of New York, 03CV6475

- Flood v. City of New York, United States District Court, Southern District of New York, 03CV10313

20. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department presented a deliberate indifference to the safety and well-being of Plaintiff and served to violate Plaintiff's constitutional rights as alleged above.

21. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department empowered and motivated the Defendants to violate Plaintiff's constitutional rights as previously alleged.

22. As a result of aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department Plaintiff was wrongfully and maliciously subjected to a criminal proceeding as previously alleged in violation of his constitutional rights.

## SECOND CAUSE OF ACTION
USE OF EXCESSIVE FORCE AGAINST PLAINTIFF IN VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

23. Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 22.

24. At all times pertinent hereto Defendants acted under color of law in their respective positions as members of the New York City Police Department.

25. That on June 18, 2014 Defendant(s) without probable cause or justification harassed, attacked, assaulted, struck, shoved, restrained and used an unlawful and unjustified amount of force against Plaintiff including but not limited to striking Plaintiff in his head and face in violation of his constitutional rights including but not limited to violation of Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and his rights secured by the Constitution and laws of the State of New York.

26. Upon information and belief the City of New York at all times pertinent hereto demonstrated a deliberate indifference with respect to allowing their employees, servants and agents to offend plaintiff's constitutional rights in violation of 42 U.S.C. §1983 in that it failed to properly screen, hire, train, supervise, retain, investigate and discipline members of the New York City Department of Corrections including but not limited to the defendants set forth in this complaint.

## THIRD CAUSE OF ACTION
VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983
FALSE ARREST

27. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 26.

28. At all times pertinent hereto the defendants acted under color of law in connection with their false arrest and imprisonment of plaintiff.

29. That on June 18, 2014 the defendants wrongfully seized, detained, searched, arrested and imprisoned plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York. That on June 18, 2014 Defendant City of New York had customs, policies and practices in place that allowed for the aforementioned actions and inactions.

## GENERAL DAMAGE

30. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 44.

31. As a result of the actions and inactions of the defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights.

32. As a result of the actions of the defendants set forth herein, the plaintiff was caused to suffer physical injury along with pain and suffering as well as sustain shock, embarrassment, humiliation, and fear that prevents the plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of seventy one hundred thousand dollars ($100,000).

33. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

34. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33.

35. The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions

## SPECIAL DAMAGES

36. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 35.

37. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
June 1, 2016

LAW OFFICE OF JASON LOPEZ
By: JASON L. LOPEZ

*Attorneys for Plaintiff*
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

## VERIFICATION

I Frankie Diaz have read the foregoing Complaint and believe the contents of that document to be true and accurate to the best of my knowledge other than those matters stated to be upon information and belief of which I believe the same to be true.

*Frankie Diaz*
FRANKIE DIAZ

Sworn before me this 1ST
day of June 2016

NOTARY PUBLIC

JASON L. LOPEZ
Notary Public, State of New York
No. 02LO6087319
Qualified in New York County
Commission Expires February 18, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANKIE DIAZ,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER PAUL DONADIO SHIELD NO.: 9688 AND POLICE OFFICER JOHN AND JANE DOES 1-4,

                               Defendants.
-----------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No. 16 cv 4274

## SUMMONS & VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: June 1, 2016

                                                           Jason L. Lopez

Service of the within is hereby admitted
Dated:

                                                           Attorney(s) for